IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD.,
a Singapore corporation,

        Plaintiff,

vs.

QNURU, INC.,
a Delaware corporation,

        Defendant.

## COMPLAINT WITH JURY DEMAND

Avago Technologies General IP (Singapore) Pte. Ltd., for its Complaint against Qnuru, Inc., alleges as follows:

### I. THE PARTIES

1. Avago Technologies General IP (Singapore) Pte. Ltd. is a Singapore corporation, having its principal place of business at 1 Yishun Avenue 7, Singapore 768923 (hereinafter "Avago").

2. Qnuru, Inc. is a Delaware corporation, having a principal place of business at 5300 Eagle Rock Avenue NE, Albuquerque, New Mexico 87113 (hereinafter "Qnuru").

### II. JURISDICTION AND VENUE

3. This action arises under §§ 32(1) and 43(a) of the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; the Colorado

Consumer Protection Act, C.R.S. §§ 6-1-101 *et seq.*; and the common law of the State of Colorado.

4. This Court has original subject matter jurisdiction over all asserted claims under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 (as the amount in controversy exceeds $75,000), 1338 and 1367 (the supplemental jurisdiction statute codifying the pendent and ancillary jurisdiction doctrines).

5. This Court has personal jurisdiction over Qnuru as Avago's claims arise from Qnuru's transaction of business in this judicial district, as Avago's claims arise from Qnuru's commission of tortious acts in this judicial district, and/or as Avago is being damaged in this judicial district by Qnuru's tortious activities.

6. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1391(b) , 1391(c), and 1400(a).

### III.    GENERAL ALLEGATIONS

7. Avago is engaged in the business of, among other things, designing, developing, manufacturing, distributing and selling an extensive portfolio of light-emitting diodes ("LED") and LED-based products including high-brightness and high-power LEDs, PLCC surface-mount LEDs, and display backlighting module solutions. These LED-based lighting products serve a wide range of markets, including electronic signs and signals, automotive, solid state lighting and liquid crystal display backlighting markets. Avago's LED-based lighting products are sold in Colorado, across the United States, and throughout the world into commercial and retail markets.

A.     **Avago's "MOONSTONE" Trademark**

8.      Avago has marketed and sold its LED-based lighting products under and in connection with the mark "MOONSTONE" since at least as early as June 8, 2009 (the "MOONSTONE Mark").

9.      Avago has sold millions of its LED-based lighting products under its MOONSTONE Mark, both in the United States and in many foreign countries, generating annual sales revenues in the millions of dollars.

10.     Avago has invested substantial time, creative effort and money to develop its highly distinctive, original and successful MOONSTONE Mark.  As a result of Avago's distinctive and original MOONSTONE Mark and years of superior product development and customer service, Avago has developed substantial and significant consumer recognition, trust, loyalty and goodwill in and to its MOONSTONE Mark.

11.     Based on the inherently distinctive character and nature of Avago's MOONSTONE Mark and its continuous and uninterrupted use of the trademark for years in interstate and international commerce, relevant consumers have come to associate the MOONSTONE Mark trademark in relation to the LED-based products exclusively with Avago.

12.     Avago has acquired strong common law rights based on its continuous and uninterrupted use of its MOONSTONE Mark in commerce in connection with the advertising and sale of LED-based lighting products.

13.     In addition to its common law rights, Avago is the owner of U.S. Trademark Registration No. 3,701,948, filed under Section 1B on December 5, 2006, for "MOONSTONE" in International Class 9 for "semiconductors; integrated circuits; electronic components, namely,

lenses, connectors, and light emitters for use in the field of architectural and decorative lighting; diodes and electric-mechanical controls for use in electronic light emitters; power control circuits" (the "MOONSTONE Registration").

14. The MOONSTONE Registration constitutes *prima facie* evidence of Avago's ownership rights in and to the MOONSTONE Mark with a constructive first use on December 5, 2006. The MOONSTONE Registration also evidences Avago's right to exclusively use the MOONSTONE Mark in commerce.

15. To support its worldwide business in LED-based lighting products associated with the MOONSTONE Mark, Avago has also registered the "MOONSTONE" trademark in Argentina, Australia, Brazil, Canada, China, the European Union, Hong Kong, India, Israel, Japan, Korea, Malaysia, Mexico, Philippines, Russia, Singapore, Switzerland, Taiwan and Thailand.

**B.    Qnuru's Trademark Infringement and Other Tortious Conduct**

16. Qnuru purports to be a lighting technology innovator and offers a number of LED light bulbs and luminaries products for sale. One such product is an LED-based lighting product sold under the name of "MOONSTONE."

17. Without authorization, Qnuru is utilizing Avago's MOONSTONE Mark, in connection with its advertising, distribution and sale of LED-based lighting products through an extensive series of distributors covering the State of Colorado and the rest of the United States. Examples of Qnuru's infringing uses of Avago's MOONSTONE Mark are attached as Exhibit A and are incorporated by reference.

18. Like Avago, Qnuru markets and sells its LED-based lighting products into commercial and retail markets.

19. The LED-based lighting products that Qnuru advertises, distributes and sells using the MOONSTONE Mark are within the natural zone of Avago's future product expansion.

20. Qnuru's use of Avago's MOONSTONE Mark is without Avago's authorization and is long after Avago acquired strong common law rights in and to the MOONSTONE Mark and after the constructive first use date of the MOONSTONE Registration. Indeed, Qnuru did not begin using "MOONSTONE" in connection with the advertising, distribution and sale of LED-based lighting products until on or around November 30, 2010.

21. Qnuru has misappropriated Avago's goodwill and reputation by its unauthorized use of Avago's MOONSTONE Mark.

22. Qnuru's continued unauthorized use of Avago's MOONSTONE Mark is likely to cause confusion or mistake or deceive the relevant purchasing public as to the source or origin of Qnuru's lighting products sold under and in connection with the MOONSTONE Mark.

23. Qnuru was put on notice of its infringing use of the MOONSTONE Mark as early as April 15, 2011, when Avago sent the first of two cease and desist letters to Qnuru demanding that it discontinue all infringing use of the MOONSTONE Mark on LED-based lighting products. A copy of that letter is attached as Exhibit B and is incorporated by reference. Qnuru has continued its unauthorized use of Avago's MOONSTONE Mark despite Avago's demands that Qnuru cease such activities.

24. On information and belief, Qnuru has acted in willful and wanton disregard of Avago's rights and has willfully intended to trade upon Avago's reputation and goodwill in the MOONSTONE Mark.

25. On information and belief, Qnuru's actions have been motivated exclusively by financial gain, and continue to be been taken with full knowledge of Avago's superior legal rights and are without regard to the public policy right of consumers to be free of confusion as to the source and origin of products and services. Qnuru's continued infringing use of the MOONSTONE Mark evidences a wrongful intent to trade upon Avago's goodwill and reputation.

## IV.   FIRST CLAIM FOR RELIEF
### (§ 43(a) of the Lanham Act)

26. Avago incorporates paragraphs 1 through 25 above as though fully set forth herein.

27. Qnuru has promoted and sold, and continues to promote and sell in interstate commerce LED-based lighting products under Avago's MOONSTONE Mark. In so doing, Qnuru has described falsely and misrepresents its goods and services and their characteristics.

28. Qnuru's actions have created a likelihood of consumer confusion or cause to mistake or to deceive as to the affiliation, connection or association of itself with Avago and as to the origin, sponsorship or approval of Qnuru's goods and services by Avago.

29. Qnuru's unauthorized use of Avago's MOONSTONE Mark in connection with the marketing and sale of LED-based lighting products is a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. Qnuru adopted and continues to use the MOONSTONE Mark with knowledge of Avago's superior rights, but without Avago's authorization. Qnuru's tortious acts constitute willful and deliberate trademark infringement under 15 U.S.C. § 1114 and are in willful and wanton disregard of Avago's established and superior rights.

31. As a result of Qnuru's unlawful actions, Avago has suffered commercial harm.

32. Avago has been and continues to be harmed irreparably by Qnuru's unlawful actions and has no adequate remedy at law.

## V.   SECOND CLAIM FOR RELIEF
### (§ 32(1) of the Lanham Act)

33. Avago incorporates paragraphs 1 through 32 above as though fully set forth herein.

34. Qnuru's actions constitute infringement of Avago's rights in and to its MOONSTONE Mark and thus violate 15 U.S.C. § 1114(1).

35. Qnuru adopted and continues to use Avago's MOONSTONE Mark, with knowledge of Avago's superior rights, but without Avago's authorization. Qnuru's tortious acts and are in willful and wanton disregard of Avago's established and superior rights constitute willful and deliberate infringement under 15 U.S.C. § 1114.

36. As a result of Qnuru's unlawful actions, Avago has suffered commercial harm.

37. Avago has been and continues to be harmed irreparably by Qnuru's unlawful actions and has no adequate remedy at law.

## VI.    THIRD CLAIM FOR RELIEF
### (State Unfair Competition)

38.     Avago incorporates paragraphs 1 through 37 above as though fully set forth herein.

39.     Qnuru's actions as described above have caused and are likely to cause confusion with Avago's established and superior rights and otherwise unfairly compete with Avago. As such, Qnuru's actions constitute unfair competition under Colorado common law.

40.     Qnuru's unlawful actions were committed with willful and wanton disregard for Avago's superior rights.

41.     As a result of Qnuru's unlawful actions, Avago has suffered commercial harm.

42.     Avago has been and continues to be harmed irreparably by Qnuru's unlawful actions and has no adequate remedy at law.

## VII.   FOURTH CLAIM FOR RELIEF
### (Deceptive Trade Practices)

43.     Avago incorporates paragraphs 1 through 42 above as though fully forth herein.

44.     By its actions described above, Qnuru has unlawfully engaged in deceptive trade practices, as defined by CRS §§ 6-1-105(1)(a), (b), (c) and/or (e).

45.     Qnuru's deceptive trade practices were committed with willful and wanton disregard of Avago's superior rights.

46.     Qnuru's deceptive trade practices will significantly impact the public as actual or potential consumers of Qnuru's LED-based lighting products.

47.     As a result of Qnuru's unlawful actions, Avago has suffered commercial harm.

48.     Avago has been and will continue to be irreparably harmed by Qnuru's unlawful actions and has no adequate remedy at law.

WHEREFORE, Avago prays for judgment in its favor and against Qnuru as follows:

A.     That Qnuru, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary corporations or other related entities, and any and all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)     any further use of Avago's MOONSTONE Mark or any other mark which is confusingly similar thereto in connection with the advertising or sale of LED-based lighting products;

(2)     directly or indirectly using Avago's MOONSTONE Mark or any confusingly similar trademark, either alone or in combination with other marks, symbols or trade dress;

(3)     performing any action or using any trademark, or other name, mark, symbol or slogan which is likely to cause confusion or mistake, or to deceive or otherwise mislead the trade and/or the public into believing that Avago and Qnuru are one and the same, or in some way connected, or that Avago is the sponsor of Qnuru, or that Qnuru is in some manner affiliated or associated with, or under the supervision or control of, Avago, or that Qnuru's products or services originate with Avago, or are connected or offered with the approval, consent, authorization, or under the supervision of Avago;

(4)     manufacturing, marketing or selling any product containing or utilizing Avago's intellectual property; or

        (5)    any other conduct constituting unfair competition with Avago.

B.    That Qnuru be ordered to deliver up, and cause that its agents and distributors shall deliver up, to Avago for destruction, or certify destruction of, all products, websites, datasheets, marketing material, or other documentation that contain Avago's MOONSTONE Mark, or any confusingly similar mark, used in connection with the manufacture, marketing or sale of LED-based lighting products;

C.    That Qnuru be ordered to file with the Court and serve on Avago, within thirty (30) days after the entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Qnuru has complied with any ordered injunction;

D.    That Avago be awarded damages in an amount to be determined at trial, including Avago's lost profits, Qnuru's profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.    That Qnuru pay Avago a sum sufficient to cover the cost of corrective advertising necessary to alleviate any existing confusion resulting from Qnuru's unauthorized use of Avago's MOONSTONE Mark;

F.    That Avago be awarded treble actual damages and attorneys' fees;

G.    That Avago be awarded pre-judgment and post-judgment interest;

H.    That Avago be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

I.    That such other and further preliminary and permanent relief be awarded to Avago as the Court deems appropriate.

## JURY DEMAND

Avago demands a jury trial on all issues so triable.

DATED: June 8, 2011

Respectfully submitted,

By:   s/ Benjamin B. Lieb
      Benjamin B. Lieb
         blieb@sheridanross.com
      SHERIDAN ROSS P.C.
      1560 Broadway, Suite 1200
      Denver, Colorado  80202-5141
      Telephone:   303-863-9700
      Facsimile:   303-863-0223
      E-mail:   litigation@sheridanross.com

      ATTORNEY FOR PLAINTIFF
      AVAGO TECHNOLOGIES GENERAL IP
      (SINGAPORE) PTE. LTD.